## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| Lacoste Alligator, S.a. | * | CIVIL NO. 05-2259(PG) |
| Plaintiff | * | |
| vs. | * | |
| Rodolfo Suliá Santiago D/B/A Ailus Corp.; Marcelo Suliá Romero; Rolando LNU; Pito New York Style; Revolution Wave Import; New York Canal Street; Melani Imports; José Rodríguez D/B/A Romantic Time, Inc. D/B/A Romantic Accessories, Inc.; Season Outlet Import; Lausell Import; Vida Fantasia; Vale Gift Shop; Danny's Sport D/B/A Tienda La Mejor; Perfumería L.R./ Fragancia; Betzeri; Moda Intima; MMM Accesorios Y Algo Mas; Miscelaneos Leumar; Zakkos; Modesto Inu; Juan Suliá Santiago; Distribuidora 2004; El Mundo De Los Relojes; Eau De Parfum; Chemo's; Aroma Gift Shop. | * | Infringement of Registered Trademarks and Trademark Counterfeiting False Designation of Origin Unfair Competition Injunctive Relief Damages |
| Defendants. | * | |

### PRELIMINARY INJUNCTION

Plaintiff Lacoste Alligator S.A. ("Lacoste"), a Swiss Corporation, brought this action against the individual Defendants named above for the infringement of its trademark rights in the LACOSTE name and the LACOSTE logo (the LACOSTE MARKS), trademark counterfeiting, false designation of origin, unfair competition, injunctive relief and damages. On December 6, 2005 the Court granted an ex parte Temporary Restraining Order (TRO) and ordered defendants to show cause why preliminary injunctive relief should not be granted.

The following defendants were properly served and noticed with the Court's Order to show cause, but failed to appear: i) Revolution Wave Import, ii) Pito New York Style, iii) New York Canal Street, iv) José Rodríguez d/b/a Romantic Time, Inc. d/b/a Romantic Accessories, v) Vale Gift Shop, vi) Danny's Sport d/b/a Tienda La Mejor, vii) Zakkos, viii) Distribuidora 2004, ix) Rolando LNU and x) John Doe 1 (Arthur Brode). The Court construes defendants' absence to mean that the aforementioned defendants have no objection to the preliminary injunction.

Civil No. 05-2259                                                                                                Page 2

Defendants' consent to the preliminary injunction shall not be construed as an admission of liability on their part nor shall mean that defendants waive the right to raise any defense they deem appropriate.

**ACCORDINGLY**, the Court grants Lacoste's petition for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and thus **PRELIMINARY ENJOINS** each and every individual defendant named above, except defendant Hector Mercel Guerrero d/b/a Eau de Par Fum for the grounds mentioned above, and any of their officers, directors, agents, servants, employees, attorneys, assigns, and any persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, pending the trial and the determination of this action, or until further notice of this Court from:

a) imitating, copying, or making unauthorized use of the LACOSTE Marks;

b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with Plaintiff;

c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiff;

d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to Plaintiff's LACOSTE Marks;

Civil No. 05-2259                                                                                                   Page 3

    f)    engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's LACOSTE Marks:

    g)    disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

    h)    instructing, assisting, aiding or abetting any other person or entity engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

On December 15, 2005, the Court held the preliminary injunction hearing. In all, Sixteen defendants came before the Court and gave their voluntary consent to the entry of a preliminary injunction. Following is a list of all defendants that appeared: i) Rodolfo Suliá d/b/a Ailus Corp., ii) Marcelo Suliá Romero, iii) Modesto Montolín, iv) Juan Suliá Santiago, v) Luis Molinary d/b/a/ Chemo's, vi) Claudio Cabral Estrella d/b/a Melani Imports[1], vii) Guillermo Telón d/b/a Season Outlet Import, viii) Mayra Martinez d/b/a Lausell Import, ix) Vidanir González d/b/a Vida Fantasía, x) Leomar Marqués d/b/a Perfumería L.R./Fragancia, xi) Bethzyrie Rivera d/b/a Betzeri, xii) Brian Camacho d/b/a, Moda Intima, xiii) Mélida Concepción Parra d/b/a MMM Accesorios y Algo Más, xiv) Ramuel Rodriguez d/b/a Miscelaneos Leumar, xv) José Luis Martinez d/b/a El Mundo de los Relojes, and xvi) Santos Galvez d/b/a Aroma Gift Shop.

One additional defendant, Mr. Hector Mercel Guerrero d/b/a Eau de Par Fum, was properly served and noticed with the Court's Order to show cause. Defendant Mercel appeared pro se and informed the need to obtain legal representation. Hence, the Court extends the Temporary Restraining Order against defendant Mercel for ten (10) additional days since December 16, 2005. Defendant Mercel is ordered to obtain legal representation within such time and proceed to inform plaintiff as to his decision to voluntary consent to the entry of a preliminary injunction. Once the ten (10) days elapse and if defendant Mercel fails to act

---

[1] The aforementioned defendants are represented by Edgar Betancourt, Esq.

Civil No. 05-2259                                                                                                           Page 4

accordingly, the Court will then schedule an evidentiary hearing to determine if the Preliminary Injunction is also granted against defendant Mercel.

**ORDERED** that the $10,000.00 bond LACOSTE posted in cash for the TRO and the Seizure Order constitute adequate and sufficient security and shall continue to bond the payment of such costs and damages which may be incurred or suffered by Defendants if they have been found to have been wrongfully enjoined or restrained or any of their property wrongfully seized.

**FURTHER ORDERED** that the parties shall promptly meet and confer and endeavor in good faith to settle this dispute.  **A Status Conference is hereby set for January 24, 2006 at 8:45 AM.  The Clerk of the Court is hereby instructed to unseal the instant action.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December ____, 2005.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge