## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LACOSTE ALLIGATOR, S.A.<br><br>PLAINTIFF<br><br>VS.<br><br>RODOLFO SULIÁ SANTIAGO D/B/A AILUS CORP.; MARCELO SULIÁ ROMERO; ROLANDO LNU; PITO NEW YORK STYLE; REVOLUTION WAVE IMPORT; NEW YORK CANAL STREET; MELANI IMPORTS; JOSÉ RODRÍGUEZ D/B/A ROMANTIC TIME, INC. D/B/A ROMANTIC ACCESSORIES, INC.; SEASON OUTLET IMPORT; LAUSELL IMPORT; VIDA FANTASIA; VALE GIFT SHOP; DANNY'S SPORT D/B/A TIENDA LA MEJOR; PERFUMERÍA L.R./FRAGANCIA; BETZERI; MODA INTIMA; MMM ACCESORIOS Y ALGO MÁS; MISCELÁNEOS LEUMAR; ZAKKOS; MODESTO INU; JUAN SULIÁ SANTIAGO; DISTRIBUIDORA 2004; EL MUNDO DE LOS RELOJES; EAU DE PAR FUM; CHEMO'S; AROMA GIFT SHOP<br><br>DEFENDANTS | CIVIL NO. 05-2259 (PG)<br><br>INFRINGEMENT OF REGISTERED TRADEMARKS AND TRADEMARK COUNTERFEITING<br>FALSE DESIGNATION OF ORIGIN<br>UNFAIR COMPETITION<br>INJUNCTIVE RELIEF<br>DAMAGES |

**CONSENT JUDGMENT**

Plaintiff Lacoste Alligator S.A. (LACOSTE) and Defendant Daniel Morales Marrero d/b/a Danny's Sports d/b/a Tienda La Mejor ("Morales", hereinafter) entered into a Settlement Agreement under seal for the Entry of Judgment duly executed (the Settlement Agreement). Accordingly, the Court hereby approves the Settlement Agreement for the Entry of Judgment and therefore orders as follows:

1. This Court has jurisdiction over the parties hereto and over the subject matter hereof.

2. Plaintiff, Lacoste Alligator, S.A. is a Swiss Societe Anonyme (corporation) with its principal place of business at 8 Rue Muzy, CH-1211 Geneva 3, Switzerland.

3. Defendant Daniel Morales Marrero d/b/a Danny's Sports d/b/a Tienda LA Mejor is a retailer with a business location at Bobby Capó Street Number 3, North, Coamo, Puerto Rico.

4. Lacoste is the owner of the trademarks listed in the Complaint, all of which are valid and subsisting, and are conclusive proof of Lacoste's exclusive rights to such trademarks.

5. Lacoste has never authorized Defendant Morales to sell, offer for sale, advertise, promote, market, display and/or distribute merchandise bearing Lacoste's Famous Marks or bearing any design or image which is of a substantially similar appearance to Lacoste's marks and designs. Morales accepts that he did not have any authorization from Lacoste to sell any of Lacoste's merchandise.

6. Defendant Morales admits that he has sold goods with counterfeit copies of Lacoste trademarks and designs.

7. Lacoste has suffered irreparable injury as a result of the acts of trademark infringement perpetrated by Defendant Morales.

8. Lacoste will continue to suffer irreparable harm and injury unless the Court issues a Permanent Injunction, which orders Morales to cease and stop forever any and all acts, calculated to infringe Lacoste's trademarks.

9. Morales has ceased, and pledges never again to engage in the sale, offering for sale, advertising, promotion, marketing and distribution, or in any other form of commercial exploitation of merchandise bearing unauthorized simulations, reproductions, counterfeit

copies or colorable imitations of any of the LACOSTE Marks or bearing a design or image confusingly similar in appearance to any of the LACOSTE Marks.

10. Morales, his licensees, attorneys, succesors, affiliates and assigns and all those in active concert or participation with them agents, agree that, in the future, they shall not export, import, distribute, offer for sale, sell or otherwise traffic in any goods bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of any of the LACOSTE Marks or bearing a design or image confusingly similar to any of the LACOSTE Marks. As of the date of this Agreement, said Defendant has not entered into any agreements to receive any profits or revenues in any form in the future in connection, with the importation, promotion and sales of goods bearing the LACOSTE Marks.

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

A) Defendant Daniel Morales Marrero d/b/a Danny's Sports d/b/a Tienda La Mejor, his agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with it are hereby permanently enjoined from:

(a) imitating, copying, or making unauthorized use of the LACOSTE Marks;

(b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with Plaintiff;

(c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect,

or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiff;

(d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendant's possession, custody or control bearing a design or mark substantially identical to Plaintiff's LACOSTE Marks;

(f) engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's LACOSTE Marks;

(g) disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

(h) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

B) Defendant Morales is directed to deliver up for destruction to Lacoste's counsel all unauthorized products, including apparel and all other materials in their possession or under its control with Lacoste's marks, or any other name or mark that

4

resembles the marks or any other reproduction, counterfeit, copy or colorable imitation of Lacoste's marks and all plates, molds, matrices, and other means of making or duplicating the same.

C) It is further ordered that in the event Defendant Morales fails to comply with this Judgment and/or defaults any of the terms and conditions set forth in the settlement agreement filed, Lacoste shall have, in addition to any and all rights available at law or equity, the right to have this Court set aside this Judgment, and further, this Court may upon the Plaintiff's Motion and Declaration of Default, enter Judgment for damages in the amount of Five Thousand Dollars ($5,000.00) against Defendant Morales, plus reasonable attorney's fees and costs associated with having such Judgment entered, all without requiring Lacoste to prove that such damages were sustained. It is further ordered that damages awarded under this paragraph relate solely to the underlying action, and are damages, which the Plaintiff would have otherwise been entitled to had they not resolved this matter by entering into this Judgment. Additionally, the Plaintiff shall be entitled to full damages and attorney's fees, above and beyond such award, for any damages which may arise if Defendant Morales is found in contempt of the Court for violation of the terms of the Permanent Injunction.

D) Ordered that any and all seized goods whether in Lacoste's possession, or otherwise turned over to Lacoste's counsel, may be destroyed and/or disposed of at Lacoste's option and in such manner as Lacoste finds appropriate without any compensation due to Defendant Morales. It is further ordered that Defendant Morales shall be deemed to have waived and forfeited any and all rights, title and/or interest to the goods and that it shall have no claim whatsoever arising out of the disposal of such goods.

E) The Court shall retain jurisdiction over this matter to enforce the terms of this Judgment and the Permanent Injunction.

F) The parties agree to keep confidential the terms and conditions of this settlement agreement.

G) Each party shall bear its own costs and attorney fees incurred in this action.

H) This Judgment is final and without prejudice.

IT IS SO ORDERED this 15th day of December, 2006.

_____
JUAN PEREZ GIMENEZ
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED BY:

**REICHARD & CALAF, P.S.C.**
P.O. Box 9022946
San Juan, Puerto Rico 00902-2946
Telephone: (787) 725-1004
Fax. (787) 721-0899
e-mail: vincent@rcpsc.com

**DANIEL MORALES MARRERO**
Bobby Capó Street Number 3, North
Coamo, Puerto Rico 00769
Telephone: (787) 803-4972

*Counsel for Plaintiff*

Vicente A. Sequeda Torres
(USDC 209012)

Daniel Morales Marrero